(No. 34630.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROY DAVIS, Plaintiff in Error.

*Opinion filed June 20, 1958.*

Roy Davis, *pro se.*

Latham Castle, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, William H. South, Francis X. Riley, and Edwin A. Strugala, of counsel,) for the People.

Mr. Justice Bristow delivered the opinion of the court:

Roy Davis, hereinafter referred to as defendant, has prosecuted this writ of error to review two judgments of the criminal court of Cook County, convicting him of rob-

bing Richard Polk on March 29; 1956, and on April 13, 1956, as charged in the separate indictments, and sentencing him in both causes to terms of one to ten years, to run concurrently.

As grounds for reversal of these convictions, defendant urges that the trial court erred in improperly admitting evidence relating to other crimes, and that the evidence is insufficient to support a finding that defendant was guilty beyond a reasonable doubt. In determining the merit of these contentions, we shall review first the controverted testimony offered in cause number 56-1212, involving the alleged robbery of April 13, 1956.

The cause was tried by the court alone, since defendant waived a jury. In support of the indictment the State offered first the testimony of Richard Polk, a driver for the United Parcel Service. He stated that at approximately 3:45 P.M. on April 13, as he came down to the first floor after making a delivery for his employer on the third floor of the building at 1019 East Forty-second Street, a man, whom he identified as the defendant, came out from behind the steps with his hand in his pocket, ordered him to be quiet and lie down, and then took some $39 of company money from his person. He was then told to go up to the top flight of steps, while the man left the building by the front door. When the witness returned to the third floor landing, he observed defendant crossing the street and entering an alleyway.

Polk further testified that on June 2, 1956, while he was making a delivery for the company on the 4600 block on Michigan Avenue, he saw defendant pass his truck. After completing the delivery, Polk reported this incident to his office, and then went to the police station, where he was advised that nothing could be done unless he knew the whereabouts of defendant. Later that day Polk saw defendant in the vicinity of the 4800 block on Michigan Avenue. He summoned three police officers in the area and

told them that defendant had robbed him previously and was in the neighborhood.

According to the testimony of the police officers, two of them proceeded to look for a man fitting the description given by Polk. When defendant saw them he ran into a hallway, and they brought him out for questioning. Defendant gave his correct name and address, and denied that he was doing, or had ever done, anything wrong, or ever robbed Polk. However, upon seeing Polk approaching with the third policeman, defendant attempted to break away. Polk testified that he then told the policemen that defendant was the man who had robbed him previously, and one of the police officers testified that when Polk came up to defendant as he was being held by the officers, Polk stated, "This is the man that robbed me three times."

Defendant's counsel requested that a mistrial be declared because of that testimony, but the request was denied and the objection overruled. The court entered a *nolle pros* on the habitual count of the indictment, and overruled defendant's motion for discharge; whereupon defendant, who did not testify in his own behalf, called Ellen Johnson as a witness. She testified that for some 16 years she had leased a second floor apartment consisting of 7 rooms, three of which she rented to roomers, including defendant; that since December, 1955, when defendant first rented a room in her apartment, they drank coffee together every afternoon between 3 and 4 o'clock, when defendant would get up. While she did not look at the clock on April 13, 1956, or recall that day, she knew they were drinking coffee, because that was their regular practice.

Polk, recalled as a rebuttal witness, testified that he had seen defendant twice before April 13; on February 10, 1956, in a hallway at 429 Oakwood Boulevard, where he spoke with defendant for about 10 minutes, and again on March 29, 1956, at 338 East Forty-second Street, where he again saw him for about 10 minutes.

After a finding of guilty by the court and the imposition of a sentence of one to ten years, cause 56-1211 was called, involving a similar indictment against defendant for robbery of Polk on March 29, 1956, while he was making deliveries for the United Parcel Service. Upon stipulated evidence which was substantially similar, the court entered a finding of guilty, and a sentence of one to ten years, to run concurrently with the sentence in the prior cause, was imposed.

With reference to defendant's contention that the trial court erred in admitting testimony of other unrelated crimes allegedly committed by defendant against the complaining witness, the law is clear that evidence which discloses that the accused committed crimes other than the one charged is admissible where it tends to establish the crime for which he is being tried. (*People* v. *Mangano,* 375 Ill. 72, 75; *People* v. *Rogers,* 413 Ill. 554, 556; *People* v. *Lehman,* 5 Ill.2d 337, 342.) Such evidence must meet the same test as to relevancy and materiality to the issues as other evidence, (*People* v. *Watkins,* 309 Ill. 318, 322; *People* v. *Mandrell,* 306 Ill. 413, 419,) and has been deemed properly admissible where it tends to establish the identity of the accused; to show his presence at the scene of the crime when an alibi is interposed; or to prove design, motive, or knowledge where these matters are in issue. *People* v. *Mangano,* 375 Ill. 72; *People* v. *Mandrell,* 306 Ill. 413.

In the *Mandrell case,* where evidence that the accused committed another robbery was held to be properly admitted to establish his identity, and to rebut his alibi, the court expounded on this question at page 419: "To the general rule that evidence of separate and independent crimes is inadmissible to prove the guilt of a person on trial for a criminal offense there are several exceptions, which are as uniformly accepted by the courts as the rule itself. Among these exceptions is that where evidence tends to aid in identifying the accused as the person who committed the

particular crime under investigation, it is admissible in spite of the fact that it tends to show the guilt of the accused of other crimes for which he is not on trial."

In the instant case, defendant objects to the testimony of police officers Anderson and Valient that the complaining witness told them, in the presence of defendant as he was being apprehended, "This is the man who robbed me three times." Defendant also objects to the implication of Polk's statement that he had seen defendant twice before April 13, 1956, and his testimony that he told the police, "Yes, that is the man that robbed me previously."

Inasmuch as defendant's counsel sought to establish in his cross-examination of the complaining witness that at the time of the alleged robbery on April 13, 1956, the lighting and opportunity to observe defendant were poor, thereby casting doubt on the credibility and weight of his identification of defendant, the issue of defendant's identity was an important part of the cause. Consequently, insofar as the evidence of prior robberies showed that Polk had had previous opportunities of observing defendant, thereby affecting the certainty of his identification, that evidence was relevant and properly admitted by the trial court.

Defendant has correctly stated the law to be that the burden of proof rests upon the People not only to prove beyond a reasonable doubt the commission of the crime charged, but also to establish by the same degree of proof the perpetration of the crime by the person accused. (*People* v. *Pax*, 399 Ill. 605.) However, we cannot agree with defendant that the State has failed to meet that burden.

The complaining witness, Richard Polk, testified that he was robbed on April 13, 1956, precisely as charged in the indictment in cause number 56-1212. He identified defendant as the person who committed that crime, both before the officers who apprehended defendant, and subsequently in the line-up. Such identification was based upon his opportunity to observe defendant, not only at the time of the

robbery, but on two prior encounters, and clearly satisfies the requirement of the law that one positive identifying witness is sufficient. (*People* v. *Mikka,* 7 Ill.2d 454, 459.) Furthermore, although defendant denied committing the crime, his attempt to go into the hallway when he saw the officers approaching, and to bolt when Polk appeared, as testified to by the officers, constituted competent evidence to be considered with other facts and circumstances as tending to prove defendant's guilt. *People* v. *Kidd,* 410 Ill. 271, 277; *People* v. *Gambino,* 12 Ill.2d 29, 32.

Reasonable doubt of defendant's guilt could not be deemed to be established by the fact that the complaining witness could not recall whether it was raining on the day of the robbery, or what defendant wore. Nor was such doubt created by the fact that defendant gave his correct name and address to the arresting officers, and that the woman from whom defendant rented his room testified that he always drank coffee with her between 3 and 4 o'clock in the afternoon and therefore must have been with her at the time of the alleged robbery.

The jury having been waived, it was the province of the trial court to determine the weight and credibility of the testimony and make its findings with respect to defendant's guilt or innocence. In view of the opportunities of observation enjoyed by the trial court, its judgment should not be set aside or substituted by this court unless the proof is so unsatisfactory as to justify a reasonable doubt as to defendant's guilt. (*People* v. *Williams,* 12 Ill.2d 80, 82; *People* v. *Iannacco,* 11 Ill.2d 55, 58.) From our analysis of that evidence, we have found it sufficient to establish defendant's guilt beyond a reasonable doubt, and the conviction and sentence based thereon by the trial court must be affirmed. Inasmuch as the conviction in cause number 56-1211 was predicated upon evidence stipulated to be substantially similar, that judgment must also be affirmed.

*Judgments affirmed.*