(No. 37123)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALEX ELLIS, Plaintiff in Error.

*Opinion filed November 30, 1962.*

MARTIN O. MCKEVITT, JR., of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys

General, and RUDOLPH L. JANEGA and MATTHEW J. MORAN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

The defendant, Alex Ellis, was indicted in the criminal court of Cook County for an armed robbery alleged to have occurred on October 31, 1960. He pleaded not guilty and waived a jury trial but, after a bench trial, was found guilty and sentenced to the penitentiary for a term of 5 to 15 years. He prosecutes this writ of error contending he was not proved guilty beyond a reasonable doubt, and that the admission of evidence relating to another crime was prejudicial error.

Facts in evidence through the testimony of the prosecution's witnesses show that Algimantas Dumbrys, a milkman employed by a Chicago dairy, was held up on two occasions in October, 1960, while delivering milk. The first time, on October 27, he was accosted by an armed robber in an alley; the second time, on October 31, two men confronted him with a gun in the hallway of an apartment building and took $7 from his wallet. Both robberies were reported to the police and it was the uncontradicted testimony of two officers that Dumbrys identified defendant from a picture as having participated in both robberies.

At the time of the second robbery an automobile in which the robbers attempted to flee would not start and was abandoned at the scene. This vehicle was traced to one Lawrence Wright, with whom defendant had admittedly served time in the penitentiary, and an extra set of license plates discovered in the rear seat were found to be owned by defendant's brother, Harrison Ellis, who didn't know how Wright had gotten the plates. The complaining witness also identified Wright from a police photograph as one of the robbers on the second occasion.

Four days after the last robbery the police apprehended

the defendant, his brother, and a man named Ernest Nelson as they were riding in a car. These three, together with another man, were placed in a police line-up and Dumbrys pointd out defendant as the man who had robbed him on both occasions. According to Dumbrys and the officers present, a positive and unqualified identification was made. When arrested, defendant insisted that he had been home when the robberies were committed and consistently maintained he was innocent.

At the trial defendant introduced alibi testimony that he, his wife and two friends had been visiting a relative in Joliet, Illinois, on October 31 and denied making a statement to the arresting officers that he had been at home. Harrison Ellis testified that Leonard Copeling, a man then in police custody, had admitted that he was the person with Wright on the second robbery, but Copeling, when called as a witness by the defense, denied any knowledge of the crime, nor was Dumbrys able to identify him. In addition, both defendant's brother and his mother attributed to the investigating officers statements that they doubted defendant's guilt. The officers, however, denied such statements.

We are of the opinion the evidence of the prosecution was sufficient to establish defendant's guilt beyond a reasonable doubt. While it is urged that Dumbrys had some doubts about defendant's identity, the record discloses to the contrary that the complaining witness, who had ample opportunity to observe the robbers, made a positive identification of defendant from a picture, at the line-up and in the courtroom. And as to the contention that the alibi testimony should have been accepted over the testimony of the prosecution's witnesses, it was the function of the trial court, as the trier of fact, to determine the credibility of the opposing witnesses and the weight to be afforded their testimony, and the record here presents no basis which permits us to interfere with the court's judgment in such matters. *People v. Lacey,* 24 Ill.2d 607; *People v. West,* 15 Ill.2d 171.

334

Nor was it reversible error that evidence of defendant's earlier robbery of Dumbrys crept into the record. (*People v. Davis*, 14 Ill.2d 196, 200; *People v. Stathas*, 356 Ill. 313; 318, 319.) Here, the identity of defendant was a highly material issue and, as was true in the *Stathas* case, the circumstance that Dumbrys had been held up by the same man a few days before weighed heavily upon his ability to identify the accused and to rebut the latter's abibi.

The remaining contention of defendant that evidence relating to the prior robbery was admitted in violation of paragraph 3(a) of the Habitual Criminal Act, (Ill. Rev. Stat. 1959, chap. 38, par. 603.3(a),) in effect when he was tried, is answered by the act itself. The act prohibited only the introduction into evidence or disclosure of "a former conviction of a felony" and, moreover, excepted from its application evidence of former convictions "otherwise permitted by the issues properly raised in such trial."

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*