(No. 36742.—)

The People of the State of Illinois, Defendant in Error, Roy White, Plaintiff in Error.

*Opinion filed January 22, 1964.*

R. Eugene Pincham and Charles B. Evins, both of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Elmer C. Kissane and William J. Martin, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

Defendant Roy White, Billy Leavelle, John Daniels, Walter Cobb, Joseph Triplett and Nathaniel Washington,

were tried jointly in a bench trial in the criminal court of Cook County for armed robbery. The court found Daniels, Washington and Triplett not guilty and found defendant, Leavelle and Cobb guilty. Defendant and Cobb were each sentenced to serve a term of 4 to 8 years in the penitentiary and Leavelle a term of 1 to 5 years. A writ of error has been issued to review the conviction of defendant White.

Defendant's principal contention is that the same evidence which the trial court found to be insufficient to show that Triplett participated in the robbery was found by the court to be sufficient to prove beyond a reasonable doubt that defendant participated in the robbery.

The robbery occurred in a tavern owned by Lee Withers and his wife on the south side of Chicago. Withers, his wife, an employee at the tavern named John Rogers, and two or three customers were present at the time of the robbery. A statement taken from Withers after the robbery shows that four persons participated in the robbery but that he could describe only two of the men. Shortly after the robbery, Withers viewed a line-up and identified all the persons indicted for the robbery except defendant who was not present. Rogers also viewed this line-up, but he did not identify anyone. The next day Withers and Rogers again viewed a line-up which contained all the persons indicted including defendant. Withers identified all six men, but Rogers identified only defendant. At the trial Withers again identified all six men, but Rogers only identified defendant. Rogers testified that at the time of the robbery he was standing in the rear of the tavern when defendant approached him and took his watch, ring and $129.

The trial court acquitted Triplett primarily because there were some doubtful aspects in the identification testimony of Withers who was the only witness who identified Triplett. The defendant has detailed at length the questionable aspects of Withers's identification of him and Triplett and concludes that he, like Triplett, should have been found

not guilty. The trial judge made it clear, however, that defendant's conviction was based primarily on the positive identification by Rogers.

The only person identified by Rogers was the one who took his watch, ring and money. He had ample opportunity to observe this man under favorable conditions, and he positively identified him at the first line-up in which he appeared and again at the trial. While the identification testimony of Withers might not have been sufficient to support the conviction, the identification by Rogers was sufficient to prove beyond a reasonable doubt that defendant was one of the participants.

The defendant testified that he was working on the afternoon of the robbery but his employer could not remember whether he was working that afternoon. The trial judge chose to believe the identification testimony rather than the alibi evidence and we find no reason to disturb this finding. *People* v. *Ellis*, 26 Ill.2d 331.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*