(No. 38326.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DALE J. STEENBERGEN, (Impleaded) Appellant.

*Opinion filed Nov. 24, 1964.—Rehearing denied Jan. 19, 1965.*

John R. Snively, of Rockford, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach and George W. Kenney, Assistant Attorneys General, and Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice House delivered the opinion of the court:

Dale J. Steenbergen, the sole appellant, was indicted with Robert M. Cozzi on June 26, 1961, in the criminal court of Cook County for the crimes of robbery while armed and robbery. At his first trial he pleaded not guilty, and a mistrial was declared when the jury was unable to reach a verdict. The case was later heard by the court sitting without a jury, and defendant was found guilty and sentenced to the penitentiary for a term of 8 to 15 years. He prosecutes this writ of error to review the conviction.

Defendant first argues that he was denied his constitutional right to a trial by jury. The statute expressly provides that where defendant waives a jury the cause shall be heard and determined by the court without a jury, (Ill. Rev. Stat. 1961, chap. 38, par. 736, now chap. 38, par. 115—1,) and we have held that a defendant charged with a felony may waive a trial by jury. (*People* v. *Fisher,* 340 Ill. 250; *People* v. *Bradley,* 7 Ill.2d 619.) A jury trial is a right and a privilege and is not a jurisdictional requirement. The duty of the court is to determine whether defendant knowingly and understandingly waived this right. *People* v. *Wesley,* 30 Ill.2d 131; *People* v. *Clark,* 30 Ill.2d 216; *People* v. *Surgeon,* 15 Ill.2d 236.

The following excerpts from the record indicate that defendant knowingly and understandingly waived his right to a trial by jury and that there was no denial of his constitutional right thereto:

"Mr. Stein [Defense Counsel]: If the Court please, there will be a plea of not guilty. It will be a bench trial. Is that correct, Mr. Steenbergen?
Defendant Steenbergen: Yes, sir.

\* \* \*

Mr. Winsberg [for the State]: Before that, perhaps your Honor wants to accept a jury waiver.
The Court: A Jury waiver?
Mr. Winsberg: Yes.
The Court: Thank you, very much. You have an absolute right, as a matter of procedure—I am addressing myself to the defendant, Steenbergen—You understand you have a right to have a jury trial in this case, don't you?
Defendant Steenbergen: Yes, sir.
The Court: You are aware of the charge against you?
Defendant Steenbergen: Yes, sir.
The Court: Do you wish to waive a jury?

> Defendant Steenbergen: Yes, sir.
> The Court: Is that correct?
> Defendant Steenbergen: Yes, sir.
> The Court: I will accept it.
> Mr. Winsberg: The jury waiver has been signed, your Honor. May I have it filed?"

The defendant next contends he was denied his constitutional right to be present at all stages of his trial. A defendant in a criminal case has an absolute right to be present at his trial and this right can be waived only by the defendant himself. (*People* v. *Mallett*, 30 Ill.2d 136.) Voluntary absence from the court is deemed a waiver of the right to be present. (*People* v. *Nelson*, 18 Ill.2d 313; *People* v. *De Simone*, 9 Ill.2d 522; *People* v. *Smith*, 6 Ill.2d 414; *Sahlinger* v. *People*, 102 Ill. 241.) It is not only defendant's right to be present, but it is also his duty, especially where he has been released on bail. To allow a defendant to stop trial proceedings by his voluntary absence would allow him to profit by his own wrong. *People* v. *Weinstein*, 298 Ill. 264; *Sahlinger* v. *People*, 102 Ill. 241.

Here defendant was free on bail and was present when the trial began on January 25, 1963, at which time the court ordered the case continued until January 28, 1963. On that day defendant was absent despite the fact that he knew when his trial would resume. There is no evidence to show the reason why he did not appear. The State's evidence shows that defendant was taken into custody about 1:30 A.M. on January 29, and that prior to such time he was free. Since there is nothing in the record to indicate that defendant's absence was anything but voluntary, he waived his constitutional right to be present at his trial on January 28, 1963.

Finding as we do that defendant voluntarily absented himself from his trial on January 28, his contention that he was denied his constitutional right to meet the witnesses

face to face has no merit. The right to be present and to meet the witnesses are personal rights which defendant may also waive. (*People* v. *Harris,* 302 Ill. 590.) Defendant, by being voluntarily absent, waived his right to be present at the trial; it follows from this that he thereby also waived his right to meet the witnesses face to face.

Where the defendant waived his right to be present, a request for a continuance until defendant is again present, without giving any explanation or excuse for his absence, may properly be denied.

It is also argued that there is a fatal variance between the allegations in the indictment and the proof. The indictment alleges that money in the care, custody and control of Rosemary Bochenko, and belonging to Aetna Realty Investments, Inc. was taken; the indictment further alleges that money belonging to Rosemary Bochenko, and in her care, custody and control, was also taken. Defendant contends the proof does not show the existence of a corporation, nor the name of the corporate owner as alleged.

In a prosecution for robbery, the gist of the action is that the accused forcibly took property that was in the care, custody, or control of another person. Proof of actual ownership is not necessary where possession by the victim is shown. (*People* v. *Renallo,* 410 Ill. 372; *People* v. *Kubish,* 357 Ill. 531; *People* v. *Rogers,* 303 Ill. 578; Ill. Rev. Stat. 1961, chap. 38 par. 18—1(a). Here, the uncontradicted testimony shows that part of the money taken belonged to Rosemary Bochenko and part belonged to Aetna, however all of it was in her possession or in her custody and control. Proof of these allegations of the indictment is enough to sustain a conviction without proving existence of a corporation or corporate ownership. The indictment charges all the elements essential to the offense of robbery, and other matters unnecessarily added may be rejected as mere surplusage. *People* v. *Figgers,* 23 Ill.2d 516.

The final contention of defendant that merits any discussion is whether he was sufficiently identified as one of the robbers. This court has repeatedly held that a positive identification made by at least one witness is sufficient. (*People* v. *White,* 30 Ill.2d 123; *People* v. *McCall,* 29 Ill.2d 292; *People* v. *Davis,* 14 Ill.2d 196; *People* v. *Mikka,* 7 Ill.2d 454.) The State produced one witness, Lemanski, a customer in the store, who came within two or three feet of the defendant, and who was positive in his identification of the defendant. Another witness, Bochenko, was not quite sure, but thought the defendant was one of the robbers. The record shows these witnesses identified the defendant in a police line-up of six men. Neither witness pointed defendant out in court as being one of the robbers, for on the day they testified defendant was not present. However, both witnesses had seen defendant in court the first day of his trial, and both testified they recognized him as one of the robbers. Defendant had an alibi witness who testified defendant was with him on the day of the robbery, but the trial judge chose to believe the identification testimony rather than the alibi evidence, and there is no reason to disturb that finding. *People* v. *White,* 30 Ill.2d 123; *People* v. *Ellis,* 26 Ill.2d 331.

We find no reversible error in this record and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*