**People of the State of Illinois, Plaintiff-Appellee, v. Harvey Honey, Defendant-Appellant.**

**Gen. No. 50,443.**

First District, Fourth Division.

March 25, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall Patner, Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and John J. Divane, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

The defendant was indicted for murder; he pleaded not guilty, and in a jury trial was convicted of voluntary manslaughter and sentenced to serve a term of two to ten years in the penitentiary. The defendant testified in his own behalf as follows: He was 17 years old and weighed 164 pounds; he came from Greenwood, Mississippi, and was working in Chicago during the summer while visiting his sister.

On July 11, 1964, William Phillips died as a result of being jabbed with a bed rail by the defendant. The deceased was approximately 26 years old and weighed about 200 pounds. It was stipulated that if the coroner's physician were present he would testify that the deceased was approximately 5 feet four inches tall; a police officer testified that in his opinion the deceased was approximately 6 feet tall.

It appears from the record that on July 7, 1964, the defendant and Phillips had a fist fight, and the defendant successfully stopped Phillips from beating an old man without provocation or reason. The defendant's testimony was that on July 8 he again met Phillips, at which time Phillips said he was going to get even with the defendant, and drew a gun from his pocket. The

defendant ran from him. He testified that on July 11, the date of the homicide, he, the defendant, was waiting behind a tavern for trucks he was to unload, when Phillips arrived and snatched a package of cigarettes from the defendant and put them in his pocket. He then told the defendant he was going to get even with him for the fight on Tuesday. He started cursing the defendant and swung a quart bottle of beer at him; he then dropped the bottle to the ground and, calling the defendant by an obscene name, said, "I told you I was going to kill you," and then reached toward his pocket. The defendant "turned around to run" but he "was sort of cornered, like"; Phillips was rushing him with his hand in his pocket, and the defendant picked up one of the bed rails from the ground and jabbed Phillips in the jaw, and Phillips fell down. The defendant took some water out of a pail which was there and poured it on Phillips to see if he could revive him; he then got scared and started walking away.

Charlie Hill, the State's only eyewitness, appeared on the scene in time to see the defendant jab at Phillips with the bed rail and he yelled at the defendant. Hill testified that after Phillips had fallen to the ground Harvey poured water on his face in an attempt to revive him. Hill saw nothing of what had happened before the defendant jabbed at Phillips with the bed rail. Hill testified that when the defendant jabbed at Phillips with the rail Phillips had raised his hands.

Richard Watson, a Chicago police officer, testified that he did not see the defendant strike the deceased; that in response to a radio message in his car he went to the place where the incident occurred. He was asked, "Do you know whether the deceased had any weapons on his person at the time he was struck by the defendant?" His answer was: "I wouldn't be aware as to whether he had any weapons on him, because I figured he was an injured man and needed medical attention."

431

After the deceased was taken to the hospital the police officers arrested the defendant who was identified by Charlie Hill. Rockford Sturgill, a second police officer, testified that he went to the location in question and found that the defendant was suspected of having caused the injury; that he saw the injured man at the corner of Oak and Larrabee Streets.

Edward Nickels, another police officer, testified that he was assigned to investigate the death of Phillips and he went to the hospital where the deceased had been taken.

Chapter 38, section 7–1 of Illinois Revised Statutes 1965, provides:

> "§ 7–1. Use of Force in Defense of Person.] A person is justified in the use of force against another when and to the extent that he reasonably believes that such conduct is necessary to defend himself or another against such other's imminent use of unlawful force. However, he is justified in the use of force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another, or the commission of a forcible felony."

Section 7–14 provides:

> "§ 7–14. Affirmative Defense.] A defense of justifiable use of force, or of exoneration, based on the provisions of this Article is an affirmative defense."

Section 3–2 provides:

> "§ 3–2. Affirmative Defense.] (a) 'Affirmative defense' means that unless the State's evidence raises the issue involving the alleged defense, the

defendant, to raise the issue, must present some evidence thereon.

(b) If the issue involved in an affirmative defense is raised then the State must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue together with all the other elements of the offense."

The defendant had introduced sufficient evidence to establish a plea of self-defense. Considering the record as a whole, it is apparent that the State did not prove the defendant guilty beyond a reasonable doubt. The judgment of the Criminal Division of the Circuit Court of Cook County is reversed.

Reversed.

DRUCKER, P. J. and ENGLISH, J., concur.