People of the State of Illinois, Plaintiff-Appellee, v. Henry Curry, Defendant-Appellant.

Gen. No. 52,883.

First District, Third Division.

October 30, 1969.

211

Gerald W. Getty, Public Defender of Cook County, of Chicago (George L. Lincoln and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James Klein, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Henry Curry, was charged with the crime of murder of Jerry Davis. He waived trial by jury, and after a bench trial, was found guilty of murder and sentenced to the penitentiary for a term of 15 to 25 years. The sole issue presented on this appeal is whether defendant was proved guilty beyond a reasonable doubt. The facts follow.

On June 8, 1967, at about 11:00 a. m., defendant and deceased were together at the home of Sarah Bamberg in Evanston, Illinois. Both men had been dating Sarah. She started going out with defendant after deceased entered the military service. When deceased came home on leave, the two men quarreled over the girl, and at least once, the deceased, who was 6′ 2″ tall and weighed 180 pounds, beat up defendant, who was 5′ 6″ tall and weighed

155 pounds. On the day in question, the two men drank whiskey together at the girl's home. Deceased, who was intoxicated, left the home first, and then defendant and Sarah went for a walk. As they walked down the alley behind the girl's home, the deceased pulled up behind them in his automobile. The two men quarreled, and defendant stabbed deceased in the stomach and side, causing his death. Deceased received three stab wounds. After the stabbing, defendant took the girl in deceased's automobile to her sister's apartment, where he was subsequently arrested. At the time of arrest, defendant told the police that deceased should not have pulled a knife on him. He also told police that deceased's car struck him in the leg, and the police took him to the hospital for x rays because of his complaint. The police found an open knife in the deceased's pants pocket. A few nights before the occurrence, defendant had burst into the Bamberg home and had started upstairs with a knife in his hand. Deceased was not in the home at the time.

Sarah Bamberg testified for the State that when deceased drove up behind defendant and her, he pulled up closely, but she did not hear the tires screeching. Deceased said that he wished to talk to the witness, but defendant said no. She walked about 6 to 10 feet away from the men, who were standing at arm's length arguing with each other. She looked away for a moment, and when she looked at them again, defendant had a knife in his right hand, and stabbed deceased in the stomach. She did not see anything in deceased's hands. After he was first stabbed, she saw deceased grab his stomach with both hands. When he put his hands down by his sides, defendant again stabbed him in the side. She had never known deceased to carry a knife, but she had seen defendant with a knife once or twice. At the apartment after the stabbing, defendant told her that he had not wanted to stab deceased, but that he had told deceased that if he ever drew a knife, defendant would get him.

213

She also testified that after deceased fell down, defendant was kicking him in the stomach.

Defendant testified that deceased had beat him up twice prior to the day in question. On the morning of the occurrence, deceased and Sarah's brother came to the Bamberg home with liquor. Defendant at first refused, then accepted a few drinks. Deceased left the home, but returned about 3:00 p. m., kicked down the bedroom door, and found Sarah and defendant in the bedroom. Deceased again left the home, and Sarah and defendant decided to walk to her sister's home. In the alley, deceased drove his automobile up behind them real fast, and struck defendant in the leg. After words were exchanged, deceased pulled a knife out of his pocket, and started swinging it at defendant. Defendant dropped to one knee, took out his knife and when deceased ran up, he pushed the knife into deceased's stomach. After he stabbed deceased the second time, defendant kneed him in the stomach and struck him with his fist, but did not kick him. Defendant also testified that, after the second stabbing, deceased put his knife into his pants pocket.

A neighbor testified that she heard a car come to a screeching halt. She then heard two men arguing loudly, and when she went to look, she saw a man lying in the alley with another man kicking him in the stomach and hitting him on the head.

Defendant's sole contention is that he was not proved guilty of murder beyond a reasonable doubt, arguing that he was justified in killing the deceased on the grounds of self-defense, and because deceased was the aggressor.

The Criminal Code, Ill Rev Stats 1965, c 38, § 9–1(a) defines murder as:

"(a) A person who kills an individual without lawful justification commits murder if, in performing the acts which cause the death:

"(1)	He either intends to kill or do great bodily harm . . . ; or

"(2)	He knows that such acts create a strong probability of death or great bodily harm . . . ."

■ A reviewing court will disturb a finding of guilt only where the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of defendant's guilt. People v. Crews, 38 Ill2d 331, 231 NE2d 451 (1967).

■ Defendant does not challenge the credibility of the State's witness, Sarah Bamberg. Rather, he argues that, assuming her testimony to be true, and considering his evidence of self-defense, he was not proved guilty beyond a reasonable doubt. We do not agree. Sarah testified that deceased pulled up in his automobile, wishing to talk to her. The two men began to argue. She stepped back a few feet, and turned away for a moment. When she looked back at the men, defendant had a knife in his hand, and stabbed deceased in the stomach. She saw no knife in deceased's hand. She specifically stated that after he was stabbed the first time, deceased grabbed his stomach with both hands. He then dropped his hands to his sides, and defendant stabbed him again. Sarah had an excellent view of the daylight incident from a few feet away. Although she turned her head momentarily, her testimony was clear and unshaken that deceased displayed no knife. Defendant's version, which if believed would support a finding of self-defense, merely created a conflict in the evidence, and did not of itself create a reasonable doubt. People v. Hobbs, 35 Ill2d 263, 220 NE 2d 469 (1966). Defendant's contention that Sarah may have overlooked deceased's knife was rebutted by her unequivocal testimony that she observed deceased's hands during the altercation. Moreover, defendant testified that deceased put his knife away only after he was stabbed

twice, was kneed in the stomach and struck on the head. Such testimony seems highly improbable.

A case cited by defendant, People v. Honey, 69 Ill App2d 429, 217 NE2d 371 (1966) is not factually controlling. In that case, the witness only observed defendant inflict the fatal blow, then attempt to revive the victim, and was unable to testify to any of the prior circumstances of the altercation. In the instant case, Sarah was most familiar with the surrounding circumstances of the dispute. She witnessed nearly the entire occurrence, not only the preliminary quarrel, but also the stabbings, and the attack administered by defendant after the deceased was felled.

Defendant also argues that he had no reason to attack the deceased. However, it is well settled that the State need not prove defendant's motive in order to sustain a conviction for murder. People v. Mangano, 375 Ill 72, 30 NE2d 428 (1940); People v. Hobbs, supra. Additionally, the rivalry between the two men over Sarah, coupled with defendant's injured pride over the previous beatings, could well have supplied a motive for defendant's conduct.

[4] Defendant's contention that deceased was the aggressor because he was intoxicated cannot stand in the face of Sarah's testimony that deceased did not display a knife and merely wished to talk to her. Sarah's testimony gave no indication that deceased was the aggressor. There was a conflict in the testimony between Sarah and defendant, and the trial court properly resolved that conflict. We find that defendant was proved guilty of murder beyond a reasonable doubt.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.