THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN K. PAYNE, Defendant-Appellant.

Third District    No. 75-433

Opinion filed June 30, 1976.

John K. Payne, of Hartsburg, for appellant, *pro se.*

C. Brett Bode, State's Attorney, of Pekin, for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, John K. Payne, was arrested on July 21, 1975 and charged with a violation of the Illinois Vehicle Code, specifically section 12—607 (Ill. Rev. Stat. 1975, ch. 95½ par. 12—607), "Suspension System." At a bench trial held on October 24, 1975 he was found guilty and a judgment of conviction was entered. The court fined defendant $10 and ordered him to pay $5 clerk's costs and $5 State's Attorney's costs. Defendant has timely appealed from the judgment of conviction and is representing himself in this court.

The complaint states that defendant unlawfully operated a motor vehicle (1973 Ford Gran Torino) upon a public highway having a suspension system which caused the rear bumper elevation from the road surface to be 24 inches and the front bumper elevation to be 11 inches in violation of the cited statute. That section of the Illinois Vehicle Code provides:

> "(a) It shall be unlawful to operate a motor vehicle on any highway of this State when the suspension system *has been modified* from the original manufactured design by lifting the body from the chassis in excess of 3 inches or to cause the horizontal line from the front to the rear bumper to vary over 3 inches in height when measured from a level surface of the highway to the lower edge of the bumper." (Emphasis added.)

The basic contention of the defendant in his pro se brief is that his 1973 Ford automobile came factory equipped with a greater than 3 inch front to rear bumper variance and that the statute should not apply to him.

The heart of the violation as set out in section 12—607 of the Illinois Vehicle Code is a *modification* of the suspension system that results in the prohibited amount of bumper variance. The statute does not in any way prohibit the manufacture or sale of automobiles with the greater bumper variance; rather, it prohibits any subsequent modification. Defendant does not deny any modification of the vehicle involved, nor does he admit one. From the record before this court we are satisfied that the trial court was fully aware of the wording of section 12—607 (Ill. Rev. Stat. 1975, ch. 95½ par. 12—607), including the necessity of a modification being present to fall within the prohibition of the statute. We must assume the trial court found a modification from his finding of guilty. The findings of the trial court as the trier of fact are entitled to great weight. We will not substitute our judgment for that of the trial court given its better opportunity to weigh the evidence presented. *People v. Davis*, 14 Ill. 2d 196, 151 N.E.2d 308 (1958); *People v. Johnson*, 22 Ill. App. 3d 821, 317 N.E.2d 581 (1974).

The judgment of the Circuit Court of Tazewell County is affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.