THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALFRED HINTON, Defendant-Appellant.

First District (2nd Division)   No. 82—638

Opinion filed February 21, 1984.—Rehearing denied March 20, 1984.

Steven Clark and Bradley S. Bridge, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Bruce A. Cardello, and Adam A. Dabek, Assistant State's Attorneys, of counsel), for the People.

JUSTICE DOWNING delivered the opinion of the court:

In this case, defendant Alfred Hinton appeals from his conviction, after a bench trial, of deviate sexual assault (Ill. Rev. Stat. 1979, ch. 38, par. 11—3), and raises the following issues: (1) whether he was denied a fair trial because the State did not disclose, in accordance with

Supreme Court Rule 412 (87 Ill. 2d R. 412), an inculpatory statement he had made to police; (2) whether the trial court erroneously admitted evidence of another crime; (3) whether the trial court impermissibly limited defendant's cross-examination of the victim; (4) whether the trial court erred in allowing a police officer to testify as to the details of the victim's complaint; and (5) whether guilt was established beyond a reasonable doubt.

Two indictments were issued against defendant for the offenses stemming from the complaints of an eight-year-old male concerning events which took place on August 2, 1980, and September 28, 1980. At trial, the State elected to proceed on the indictment which charged defendant with committing indecent liberties with a child (Ill. Rev. Stat. 1979, ch. 38, par. 11—4), deviate sexual assault (Ill. Rev. Stat. 1979, ch. 38, par. 11—3), robbery (Ill. Rev. Stat. 1979, ch. 38, par. 18—1), and unlawful restraint (Ill. Rev. Stat. 1979, ch. 38, par. 10—3) on September 28, 1980.

Before trial, the State informed the court that it intended to use evidence of the incidents which occurred on August 2, 1980. Over defense counsel's objection, the trial court permitted the testimony. The victim, who made an in-court identification, testified that at 1 p.m. on that date, as he was walking on 63rd Street in Chicago, defendant approached him from behind, grabbed him and put a gun to his throat. The victim's five-year-old companion fled at this point. Defendant took the victim to an abandoned store across the street and forced him to orally copulate him for about a minute. The victim noticed that defendant had a big scar on the right side of his stomach. Defendant gave the victim 27 cents, which the victim threw on the ground.

At approximately 4:30 p.m. on the following September 28, the victim was walking in the vicinity of 63rd Street and Cottage Grove when defendant approached him from behind, choked him and repeated the same words said on the other occasion, telling the victim he would have to orally copulate him. After taking about 60 cents from the victim's pocket, defendant forced the victim to orally copulate him in an alley. The victim noticed the same scar. Upon reporting the incident to the police, the victim identified defendant from police photos and at a police lineup.

On cross-examination of the victim, defense counsel referred to the testimony the victim had given at a preliminary hearing and noted discrepancies between it and the trial testimony. During the preliminary hearing, the victim testified that the August 2 incident occurred on 61st Street, not 63rd Street; that the September 28 occurrence took place in a building and not in an alley; that nothing happened other than the oral copulation and no mention was made that defend-

ant took 60 cents from him; also, the victim changed the name of the store he was coming out of.

The trial court found that the victim's testimony regarding his identification of defendant and his description of the acts was unequivocal. The court noted the inconsistencies in the testimony but nevertheless held that the offenses of deviate sexual assault and indecent liberties with a child were proved beyond a reasonable doubt. Defendant was found not guilty of robbery, and the unlawful restraint charge was deemed merged with the other offenses. At the sentencing hearing, the court vacated the indecent-liberties charge as merging with the deviate-sexual-assault charge and defendant was sentenced to eight years' imprisonment.

## I

■ Defendant urges that he was denied his right to a fair trial when the prosecutors failed to disclose, after his discovery request, that he had made an inculpatory statement to police; the State, he argues, thereby violated Supreme Court Rule 412(a)(ii) (87 Ill. 2d R. 412(a)(ii)), which requires certain disclosures to an accused. The purpose of this rule is to afford an accused protection against surprise, unfairness and inadequate preparation. *People v. Ingram* (1980), 91 Ill. App. 3d 1074, 1082, 415 N.E.2d 569.

At trial, the arresting officer testified that he had asked defendant whether he had a scar. Defendant replied yes, and then partially pulled down his pants to reveal the top of a scar which the officer believed was from an appendectomy. Defense counsel objected, claiming that it was tantamount to a statement and that the defense had not been informed of any statements which defendant had made. The trial court stated that it couldn't recall any statements of the person and that "You can't strike actions."

In some instances, a statement may be an oral assertion coupled with nonverbal conduct intended as an assertion. (See Fed. R. Evid. 801(a).) Such a statement or nonverbal act may amount to an admission of a physical characteristic. In this case, the officer not only testified that defendant answered "yes," but he also exposed his scar to the officer. The single word "yes," brief as it is, under certain circumstances, may constitute a statement covered within the mandate of Rule 412(a)(ii).

Although we recognize that the defendant is entitled to receive all statements made by him, regardless of whether they can be appropriately characterized as an admission or a confession (*People v. Romo* (1980), 85 Ill. App. 3d 886, 896, 407 N.E.2d 661, *appeal denied* (1980),

81 Ill. 2d 597), we note that defendant persistently classified the instant statement as "inculpatory" in an attempt to support his theory that he was prejudiced by it. We do not concur in this characterization. By acknowledging that he had a particular physical scar, defendant did not as a consequence admit guilt. We fail to see how the revelation of this physical scar is any more "inculpatory" than if the police officer had been able to view the scar without defendant's aid, as in the case of height, eye color, etc. We also note, as defendant admits, that the State could have required defendant to submit to a medical exam or display his abdomen on the stand without violation of his fifth amendment rights. (See *Schmerber v. California* (1966), 384 U.S. 757, 765, 16 L. Ed. 2d 908, 916-17, 86 S. Ct. 1826, 1832-33; *Holt v. United States* (1910), 218 U.S. 245, 252-53, 54 L. Ed. 1021, 1030, 31 S. Ct. 2, 6.) Likewise, persons involved in the criminal process may be compelled to submit to breath, urine, saliva or other such tests. E. Cleary & M. Graham, Handbook of Illinois Evidence sec. 502.7 (3d ed. 1979).

Defendant argues that as no advance warning was given, his trial strategy may have been altered. We do not agree that it was the timing of the disclosure which was damaging, but rather it was the nature of the evidence. See *People v. Cowherd* (1980), 80 Ill. App. 3d 346, 351, 399 N.E.2d 672, *appeal denied* (1980), 81 Ill. 2d 585.

A court must look at the following factors in determining whether a defendant was prejudiced by the State's failure to disclose: "[t]he strength of the undisclosed evidence, the likelihood that prior notice could have helped the defense discredit the evidence, the feasibility of continuance rather than a more drastic sanction, and the wilfulness of the State in failing to disclose ***." (*People v. Weaver* (1982), 92 Ill. 2d 545, 560, 442 N.E.2d 255.) Defendant should have known before trial that the victim's testimony would consist of a description of a scar, yet defendant never introduced any evidence to refute its existence.[1] Advance notice of the officer's testimony would not have helped defendant disprove the evidence. Further, although the evidence was strongly corroborative, the victim had positively identified defendant through police photos and a lineup without any reference to the scar.

Although we do not condone the inaction of the State in failing to

---

[1]The victim testified in court that he told the police that his attacker had a scar. Defendant received, before trial, copies of the pertinent police reports. As the victim's testimony was unchallenged, it is reasonable to assume this testimony was in the police reports.

divulge this information which it is charged with knowing (*People v. Shegog* (1976), 37 Ill. App. 3d 615, 617, 346 N.E.2d 208), we conclude that defendant did not suffer such prejudice, as a result of the trial court's decision to admit the evidence, so as to justify a reversal of his conviction.

## II

■ Defendant also contends that the trial court erred by allowing evidence of the other crime committed on August 2, 1980. When defense counsel first objected to the use of this testimony, the trial court stated that if it determined that the testimony was probative "on the issue of identity, or *modus operandi*, one of those type of exceptions, I will allow it." After trial, the court commented that the conduct on August 2 was considered solely for purposes of identification. This purpose is a recognized exception to the rule that evidence of crimes other than the one defendant is being tried for is not admissible. *People v. McDonald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489.

The State urges that since the issue of defendant's identity is important, testimony concerning a prior crime with the same victim is admissible in demonstrating an additional opportunity to view the defendant. (*People v. Davis* (1958), 14 Ill. 2d 196, 200-01, 151 N.E.2d 308.) In a similar case to the one at hand, *People v. Ellis* (1962), 26 Ill. 2d 331, 186 N.E.2d 269, the court allowed testimony concerning a prior robbery of the same victim by defendant and stated that "the identity of defendant was a highly material issue and *** the circumstance that [the victim] had been held up by the same man a few days before weighed heavily upon his ability to identify the accused ***." 26 Ill. 2d 331, 334, 186 N.E.2d 269.

Likewise, the young victim here had only seen defendant on two occasions, and his ability to describe him was material to the case. Further, we hold that the prejudicial effect of this evidence, if any, did not outweigh its probative value (*People v. Triplett* (1981), 99 Ill. App. 3d 1077, 1082, 425 N.E.2d 1236, *appeal denied* (1982), 88 Ill. 2d 554), and the facts related were necessary to show the opportunity for observation (*People v. Butler* (1975), 31 Ill. App. 3d 78, 80, 334 N.E.2d 448, *appeal denied* (1975), 61 Ill. 2d 598). Since the trial court properly used this evidence solely for identification purposes, we conclude that defendant was not harmed as he claims.

## III

■ Defendant next urges that his conviction be reversed because the trial court improperly limited his cross-examination of the victim.

After the youth had testified that he told police that defendant was "forty to thirty years old," defense counsel asked him how old he thought counsel looked, how old the judge looked and how old defendant looked. Objections to each of these questions were sustained and the trial court stated: "He made an observation at the time, which was recorded apparently." Defendant urges that these questions were highly relevant to the victim's identification, and denial of his ability to ask them violated his constitutional right to confront witnesses.

The scope of a cross-examination is within the sound discretion of the trial court; when identity is in issue, a defendant should be given considerable latitude in order to test the identification, the means of observation, and the memory of the witness. (*People v. Watkins* (1974), 23 Ill. App. 3d 1054, 1059, 320 N.E.2d 59.) A defendant must prove that the trial court clearly abused its discretion which resulted in manifest prejudice to him. *People v. Gallo* (1973), 54 Ill. 2d 343, 356, 297 N.E.2d 569.

In this case, defendant was allowed to impeach the victim on the issue of age estimation by noting that the victim had told police that defendant was 30 to 40 years old, yet the police report stated 40 to 50 years. The basis of his identification was his ability to select, and identify, defendant from the police photos, the lineup and in court. Age was a factor in his ability to identify defendant, about which he was cross-examined. Based on the record, we do not find that the trial court abused its discretion in limiting the cross-examination into collateral matters. To have permitted such questioning would have required the irrelevant testimony of other persons present in the courtroom as to their ages. The trial court did not abuse its discretion in excluding this testimony.

## IV

■ Additionally, defendant complains that he was denied his right to confront witnesses when the trial court allowed police officer Daniel Dixon to testify as to the details of the complaint the victim made of the incident. Officer Dixon testified, over objection, that on August 2, the victim told him that his attacker was about six feet tall, weighed over 200 pounds, had a dark complexion, was middle-aged, was black and had a scar on his stomach. Defendant urges that this hearsay testimony was not admissible either as a spontaneous declaration or as a corroborative complaint allowed in rape cases because in those instances, only the fact of the complaint, and not the details, is allowed into evidence. *People v. Andino* (1981), 99 Ill. App. 3d 952, 955, 425 N.E.2d 1333.

As numerous cases dealing with hearsay statements note, the main objectionable feature underlying the rationale for its exclusion is the opposing party's inability to test the value of the testimony by exposing the declarant to cross-examination. (See *People v. Robinson* (1978), 73 Ill. 2d 192, 200, 383 N.E.2d 164, and cases cited therein.) Our supreme court has allowed a third party (here, Officer Dixon) to testify as to "A's" (here, the victim's) identification of "B" (here, defendant), as long as "A" has first testified as to his out-of-court identification. (*People v. Rogers* (1980), 81 Ill. 2d 571, 579, 411 N.E.2d 223.) Here, the complainant had previously testified that he gave a description to the police (although not to this specific officer). He was cross-examined on this subject and was available at trial if defendant wished to recall him for further cross-examination. We conclude that defendant has not demonstrated that reversible error was committed in this regard.

V

██ In claiming that he was not proved guilty beyond a reasonable doubt, defendant points to the numerous instances where the victim was impeached on the details of the crime. Defendant reminds this court that it has a special obligation in reviewing rape and indecent liberty convictions due to the very nature of the charge (*People v. Reese* (1973), 54 Ill. 2d 51, 57, 294 N.E.2d 288), and that a child's testimony must either be clear and convincing or substantially corroborated in order to sustain a conviction based upon it (*People v. Morgan* (1977), 69 Ill. 2d 200, 206, 370 N.E.2d 1063).

Defendant argues that the victim's account of the occurrences in this case is highly unbelievable and plainly incredible and likens it to the account which was found implausible in *People v. Anderson* (1974), 20 Ill. App. 3d 840, 314 N.E.2d 651. In that case, the court found complainant's testimony was not clear and convincing, based partially on her testimony that she was accosted in broad daylight and spirited across a busy street without attracting the attention of any passersby.

Although in the instant case, the victim testified that 63rd Street was a busy street and that the incidents occurred during daylight, his testimony on the whole supports the trial court's finding. As to the inconsistencies in his testimony, his age must be considered, and as the trial court stated, the victim gave unequivocal testimony regarding defendant's identification and the details of the sexual acts. Based upon our review of the record, the proof offered by the State was not so unsatisfactory and unconvincing so as to raise a serious doubt of

defendant's guilt (*People v. Szudy* (1982), 108 Ill. App. 3d 599, 605, 439 N.E.2d 137, *appeal denied* (1982), 92 Ill. 2d 572); thus, his conviction should not be overturned.

For the reasons stated above, we affirm the judgment of the circuit court of Cook County.

Affirmed.

HARTMAN, P.J., and PERLIN, J., concur.