[No. 8,834.  In Bank.—November 25, 1884.]

## THE PEOPLE OF THE STATE OF CALIFORNIA, APPELLANT, *v.* THE GOLD RUN DITCH AND MINING COMPANY, RESPONDENT.

INJUNCTION—CONDITIONAL DECREE.—In a suit for an injunction, the court found that the plaintiff was entitled to a perpetual injunction to compel the discontinuance by the defendant of the acts complained of.   A decree was entered accordingly, but was made subject to the condition that, on the performance of certain specified acts by the defendant, it should be entitled to have the decree vacated and set aside.   *Held*, that this portion of the decree was erroneous, and that the plaintiff was entitled to an absolute and unconditional injunction.

APPEAL from a portion of a judgment of the Superior Court of Sacramento county.

The defendant also appealed from the judgment in this case, and the decision on that appeal is reported *supra*, page 138.

*Attorney General Marshall, George Cadwalader, A. L. Rhodes, Richard Bayne,* and *I. S. Belcher,* for Appellant.

*W. C. Belcher, J. K. Byrne, W. T. Wallace, Stewart & Herrin,* and *S. M. Wilson,* for Respondent.

McKEE, J.—This is a counter-appeal from the last clause in the judgment entered in this case.

As we held on the appeal of the defendant, the plaintiff was entitled, upon the finding of facts, to a perpetual injunction to compel the discontinuance of the acts complained of; the law gave it, and the court awarded it; but it made the judgment by which it awarded the perpetual injunction subject to this condition, viz: "The said defendant may, at any time, as it may be advised, apply to this court to have this decree and restraining order modified, or vacated and set aside. And whenever, upon such showing, it shall appear that efficient means have been provided to impound, detain, and hold back such tailings at any point on said American river above Alder creek, and that such means are sufficient to detain all bowlders, cobble-stones, gravel, and the heavier sand, then said defendant shall be entitled to have said decree vacated and set aside."

We think this was erroneous; for the plaintiff was entitled to a final judgment absolutely, or it was not. The court adjudged that it was entitled to a perpetual injunction, and that adjudication definitely settled the rights and relations of the parties to the controversy, as to the matters in litigation between them. By the judgment it was finally determined that certain acts, as performed by the defendant, and threatened to be continued at the commencement of the action, amounted to a public nuisance, which must be forever enjoined. The rights thus finally determined could not be subjected to be disturbed or changed, annulled or set aside, upon the performance by the defendant of new and independent acts, at some near or remote period in the future.

It is not the duty of a court to make provision in its final judgment for a reopening or renewal of a controversy which it

closes by its judgment. *Reipublicæ ut sit finis litum.* As is said in Joyce on Injunctions (volume 1, p. 107): "Where a plaintiff has proved his right to an injunction against a nuisance or other injury, it is no part of the duty of the court to inquire in what way the defendant can best remove it, and the plaintiff is entitled to an injunction at once, unless the removal of the injury is physically impossible; and it is the duty of the defendant to find his own way out of the difficulty, whatever inconvenience or expense it may put him to." (See also *Attorney General* v. *The Colney Hatch Lunatic Asylum*, L. R., 4 Ch. App. 146.)

Besides, while the plaintiff was entitled as matter of right to a perpetual injunction, pure and simple, the provision inserted in the judgment to that effect in favor of the defendant is of no benefit to the defendant; for if it be possible to permanently impound the debris, etc., which the court perpetually enjoins it from dumping into the American river, the defendant has the right to adopt such means as may be within its power for that purpose; and the right to do so exists independent of the judgment, and may be exercised at all times, without reference to it. The perpetual injunction does not restrain the defendant from conducting its business in a lawful manner, and any means adopted to that end are lawful.

The part of the judgment appealed from is therefore reversed. MYRICK, J., MORRISON, J., and THORNTON, J., concurred.

Ross, J., SHARPSTEIN, J., and McKINSTRY, J., dissenting.— Inasmuch as in our opinion the decree as entered in the court below should be affirmed, we dissent from the above judgment.