[Civ. No. 2543.  Second Appellate District, Division Two.—January 20, 1920.]

## C. S. DAMMANN, Appellant, v. HYDRAULIC CLUTCH CO. (a Corporation), et al., Respondents.

[1] EQUITY—RESTRAINT OF AUTHORIZED ACT.—A court of equity will not restrain any person from doing that which the law authorizes that person to do.

[2] CORPORATIONS—DISINCORPORATION—PAYMENT OF DEBTS—LEVY OF ASSESSMENT.—In order to accomplish the disincorporation of a corporation and wind up its affairs as such, it is a legal prerequisite that the debts of the corporation be paid, and, if necessary, an assessment may be levied for that purpose.

[3] ID.—DISSOLUTION FOR PURPOSE OF INCORPORATION IN ANOTHER STATE—CONSTITUTIONAL GUARANTY.—The fact that the same individuals who at present comprise the officers and directors of a corporation organized under the laws of this state may, after its disincorporation, go to another state, under the laws of which they may believe more freedom of action will be given to them, while one may not approve of that course, still it is a violation of no law and is but the exercise of a right guaranteed under the constitution of the United States.

APPEAL from a judgment of the Superior Court of Los Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

David D. Sallee and Gesner Williams for Appellant.

R. T. Linney for Respondents.

THOMAS, J.—This is an action brought praying for injunctive relief. The second amended complaint, it is claimed, states a cause of action. A demurrer was interposed, was sustained with leave to amend, and plaintiff, having failed to amend within the time allowed, judgment was entered accordingly. The appeal is from the judgment so entered.

Plaintiff alleges that he is the owner of three thousand four hundred shares of the capital stock of the defendant Hydraulic Clutch Company; that said company "has been and now is a corporation duly incorporated and existing under the laws of the state of California"; and that the defendants named herein, excepting said defendant company, "have been and now are the and all the directors and officers of said corporation." It is alleged, "on information and belief," that the defendant corporation is the owner of certain United States patents for the construction of certain hydraulic machinery, which said patents "are the total and only assets of said corporation, except the sum of five hundred dollars in lawful money of the United States." The complaint further avers that, for the purpose of evading the laws of this state, the officers and directors of said corporation "declared that they would cause to be paid all the debts of the corporation, solely for the purpose of being able to disincorporate under the laws of the state of California, and for the further purpose of reincorporating . . . under the laws of the state of Arizona, and solely for the purpose of evading the said statute of the state of California, and not becoming and being subject to said commissioner of said state of California"; and that for said purpose, and to pay the debts of said corporation as required by the laws of this state, "before they could cause to be disincorporated the said corporation," the officers and directors caused an assessment to be "duly and regularly levied . . . upon the capital stock of the corporation . . . ; that when the said assessment is collected (if this court permits it to be so done) said corporation and said officers and directors will carry out the aforesaid purpose . . . unless restrained by the court," and by so doing "plaintiff's stock and interest in said Hydraulic Clutch Company and its assets will be thereby rendered worthless and of no value whatever; that plaintiff is without adequate remedy at law, and is informed and believes that

the defendants are insolvent, and unless an injunction is issued . . . the plaintiff will receive great and irreparable injury."

The complaint, taking it at its full face value—as we must in this instance—discloses, we think, not one illegal act on the part of the officers or directors of the defendant corporation. [1] A court of equity will not restrain any person from doing that which the law authorizes that person to do. (*People* v. *Gold etc. Mining Co.*, 66 Cal. 155, [4 Pac. 1150].) [2] The law which prescribes the method for incorporating as a corporation (sec. 285, Civ. Code) provides, also, the method of winding up its affairs as such (sec. 1227 et seq., Code Civ. Proc.), as well as the actual process of disincorporation. In order to accomplish the latter result, it is a legal prerequisite that the debts of the corporation be paid (sec. 1228, Code Civ. Proc.), and, if necessary, an assessment may be levied for that purpose (sec. 331, Civ. Code). When the disincorporation has been accomplished, the corporation is dead. Obviously, the "right, title, and interest" of a dead corporation cannot be transferred anywhere. [3] The fact that the same individuals who at present comprise the officers and directors of the defendant corporation may hereafter go to another state, under the laws of which they may believe more freedom of action will be given to them, while one may not approve of that course, still it is a violation of no law and is but the exercise of a right guaranteed under the constitution of the United States.

Appellant contends that "there is but one point raised by this appeal, to wit: Can a corporation invoke the laws of the state for the purpose of evading the laws of the state?" But after a careful perusal and close study of the complaint we fail to find therein any hook upon which that question may be hung.

The authorities cited by appellant throw no light whatever on the real question with which we are confronted.

The appeal, we think, is without merit. The ruling of the trial court was correct.

Judgment affirmed.

Finlayson, P. J., and Sloane, J., concurred.