12680

PADGETT *ET AL.* v. STATE HIGHWAY COMMISSION *ET AL.*

(148 S. E., 548)

*Mr. C. T. Graydon,* for plaintiffs.

*Attorney General John M. Daniel,* and *Asst. Atty. Generals Cordie Page,* and *J. Ivey Humphrey,* for respondents.

June 13, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is a proceeding in the original jurisdiction of this Court, instituted by the plaintiffs individually as citizens and taxpayers of the Town of Saluda and as the Board of Public Works of that town against the State Highway Commission and certain contractors, for the purpose of enjoining the construction of a state highway along certain streets of the town pending a decision by this Court of the validity of certain water and sewerage bonds proposed to be issued by the town.

It appears that while the suit referred to, testing the validity of certain water and sewerage bonds, voted and proposed to be issued by the town, the State Highway Commission "acting under its authority, granted by statute law, let a contract to the Carolina Construction Company to pave a

certain state highway through the streets of the Town of Saluda, the said highways being No. 19 and No. 34, and both of said highways traversing the entire Town of Saluda, and that the said Carolina Construction Company is now actually grading and is about to lay the paving within the limits of the Town of Saluda under its contract with the State Highway Commission."

The gravamen of the plaintiffs' complaint is that, if the proposed construction of the highway should be completed before said decision be rendered, and the Court should sustain the validity of the proposed bond issue, the Board of Public Works, which will be charged with the duty of constructing the water and sewerage system, by digging ditches, in which the pipes are to be laid therefor, in and along the streets proposed to be paved by the Highway Commission, will be subjected to an additional expense of $20,000 to $25,-000 in displacing and afterwards replacing the pavement so laid in the streets. The plaintiffs, therefore, ask that the paving be suspended by injunction until said decision shall have been rendered.

If said decision shall be against the validity of the proposed bonds, the plaintiffs will not be interested in the injunction asked for in this proceeding. On the contrary, if the decision shall be in favor of the validity of the bonds, the plaintiffs ask that the temporary injunction heretofore granted by an order of the Chief Justice be continued until the Board of Public Works shall have completed the water and sewerage system.

An injunction will not lie where it is not shown that the defendant is doing or threatening to do an act in violation of the plaintiffs' legal or equitable rights. Civil Code, § 482. It will not lie to restrain an act which does not give rise to a cause of action. 32 C. J., 35; *Dammann v. Hydraulic Clutch Co.*, 45 Cal. App., 511, 187 P., 1069; *Webster v. Webster*, 1 K. B., 714. Where one has a right to do a thing, equity has no power to restrain him from

doing it. *Dammann v. Hydraulic Clutch Co.,* 45 Cal. App., 511, 187 P., 1069.

The complaint alleges that the Highway Commission, in constructing the portion of a state project referred to, was acting "under its authority granted by statute law." The Act of 1927 (35 Stat., 1023), and the Act of 1928 (35 Stat., 2009), authorize and require the commission to construct the highway in question. The plaintiffs have no right to object to the construction and consequently no right to complain of the indirect or even direct consequences of the construction properly conducted. The test is whether the plaintiffs could have complained of the construction of the highway conducted according to law. We do not apprehend that they could. Having no right which could have produced a cause of action they have no right to an injunction.

The judgment of this Court is that the preliminary injunction be dissolved and that the complaint be dismissed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.