THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM BARLOW, Defendant-Appellant.

Third District    No. 75-43

Opinion filed June 29, 1976.

Gerald W. Smith, of Pekin, for appellant.

C. Brett Bode, State's Attorney, of Pekin (Russell Boothe and James Hinterlong, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, William Barlow, was found guilty of misdemeanor theft in violation of section 16—1(a)(1) of the Illinois Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)(1)), at a bench trial held on November 21, 1974. Defendant was convicted of the theft of two Siamese

cats having a total value of less than $150. The cats allegedly stolen by defendant belonged to a next-door neighbor, James Dunn. Another next-door neighbor, Kay Eller, signed the complaint charging defendant with the theft.

The trial was conducted without a court reporter and we have only the facts as presented from an agreed abstracted statement of facts. From this it appears that both neighbors, Dunn and Eller, were eyewitnesses to defendant's theft of the cats. Defendant steadfastly denied the incident. There was ample evidence presented showing strong feelings of animosity between the defendant and both neighbors. The problem of the Dunns' roaming cats was certainly one source of the ill feelings. Besides the possible bias and self-serving character of all the testimony the defendant attempted to dispute the eyewitnesses' ability to observe the incident due to their vantage point. The prosecution presented various explanations of the ability of both eyewitnesses to view the scene despite their vantage point.

■■ We have reviewed the evidence presented to the trial judge as the trier of fact and find that the evidence was sufficient to prove defendant guilty of theft beyond a reasonable doubt. The trial court is in a much better position to determine the weight to be given and credibility of the testimony. We will not substitute our judgment for that of the trial court, given its opportunity to view and hear the evidence first hand, and would only set aside the trial verdict if the proof was so unsatisfactory as to justify a reasonable doubt as to defendant's guilt. (*People v. Davis*, 14 Ill. 2d 196, 151 N.E.2d 308 (1958).) The finding of guilty was not against the manifest weight of the evidence.

■■■ The defendant contends it was error for the trial court to deny his motion for a new trial. He claims that additional witnesses were located and that the results of a polygraph test showing his testimony to be the truth are grounds for a new trial. In the matter of a motion for a new trial the trial court has much discretion. To warrant a new trial the newly discovered evidence must be so conclusive that it would probably change the result on retrial. (*People v. Reese*, 54 Ill. 2d 51, 294 N.E.2d 288 (1973).) The defendant was also required to show that he exercised due and reasonable diligence but was still unable to locate or discover the new evidence at the time of the trial. Both the additional witnesses and the results of the polygraph test could have been produced at the original trial had defendant acted with reasonable diligence. The testimony of additional witnesses was merely cumulative and corroborative of defense testimony generally. The proposed witnesses would tend to discredit the State's witnesses but their cumulative nature makes them insufficient grounds for a new trial. (*Runowicz v. Rock Island Bank & Trust Co.*, 90 Ill. App. 2d 222, 232 N.E.2d 459 (1967); *People v. Williams*, 27 Ill. App. 3d

858, 327 N.E.2d 461 (1974).) The results of a polygraph test are inadmissible for the purpose of establishing guilt or innocence. (*People v. Gargano*, 10 Ill. App. 3d 957, 295 N.E.2d 324 (1973).) We also believe the result of the polygraph testing of defendant was not a sufficient basis for the granting of a new trial.

■■ Defendant's argument that the complaint against him should have been dismissed by the trial court because it was signed by a hostile neighbor and alleged an impossible possessory interest in cats is without merit. That cats and other animals can be owned and reduced to possession is a fundamental principal of law. The complaint properly stated the elements of theft; that defendant stole the cats and that they were owned by Mr. and Mrs. James Dunn.

■■ The person signing the complaint in this case was an eye-witness to the crime charged. Section 111—3(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 111—3(b)) provides no restriction on the class of persons who may sign a complaint. Of necessity the signing complainant must be a witness, or otherwise have knowledge or information based upon reasonable grounds that a violation of law has occurred. The complainant possessed all the required qualifications in this case.

Accordingly we find that no error was committed in the trial of this cause and the judgment of conviction entered by the Circuit Court of Tazewell County is affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.