[Crim. No. 43545. Second Dist., Div. Three. May 3, 1984.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT SADOWSKI, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*At the direction of the court, and pursuant to California Rules of Court, rules 976 and 976.1, the portion of the opinion certified for publication follows.

**COUNSEL**

Quin Denvir and Frank O. Bell, Jr., State Public Defenders, under appointment by the Court of Appeal, and Richard Avila, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Edward T. Fogel, Jr., and John R. Gorey, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

PERKOVICH, J.*—In an amended information, appellant was charged with the following crimes: Count I, violation of Penal Code section 487, subdivision 1, grand theft; count II, violation of Penal Code section 597, subdivision (a), felonious killing of a cat and counts III, IV and V, violation of Penal Code section 597, subdivision (b), misdemeanor killing of three cats. He was also charged in counts VI, VII, VIII and IX with violation of various Monterey Park Fire Code sections having to do with the storage of flammable liquids. Appellant pleaded not guilty to all counts, waived trial by jury, and a trial by court began. A demurrer was sustained to counts VI, VII, VIII and IX, the flammable liquid counts, and trial proceeded on counts I through V.

---

*Assigned by the Chairperson of the Judicial Council.

Appellant's motion to suppress pursuant to Penal Code section 1538.5 was heard contemporaneously with the People's case in chief and was denied. Appellant was found guilty on all five remaining counts, was referred for diagnostic evaluation pursuant to Penal Code section 1203.03 and, after he returned to the trial court, he was sentenced to prison for three years on count I. Concurrent terms of three years on count II, and six months each on counts III, IV and V were also imposed. A notice of appeal was timely filed.

## THE FACTS

On February 12, 1982, at about 5 p.m., Mrs. Veronica Meleson, while sitting in her home in West Los Angeles, saw a man, later identified as appellant, park his Honda car in the red zone in front of her home. He got out of his car and walked toward the driveway on her property which ends in her backyard. After a period of time she saw appellant walking down her driveway toward the street with her Balinese Lynx Point cat "Truffle" in his arms. As appellant walked toward his car, Mrs. Meleson ran out the front door of her house and saw appellant next to the open driver's door of the Honda, looking toward her. He dropped the cat, Mrs. Meleson yelled, "Kitty, Kitty," the cat ran to her, the appellant got into his car and drove off.

Four days later appellant appeared on the Meleson driveway again. He was chased by Mr. Meleson and was seen in the same Honda and told to stay away. An expert testified that the cat had a value of $250. (When appellant later testified in his own behalf he said he had the Meleson cat in the car and that he intended to keep it.)

. . . . . . . . . . . . . . . . . . . . . . . . . .*

Appellant contends:

. . . . . . . . . . . . . . . . . . . . . . . . . .*

4. The evidence isn't sufficient to support the grand theft count.

### I.-III.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 332.

## IV.

■ The evidence is sufficient to support the grand theft conviction.

Mrs. Meleson was a witness to the appellant's taking of her cat from her property without her consent. She identified him and his car, and her testimony was corroborated by the testimony of others and by other circumstances. Further, the appellant in his testimony admitted that he intended to keep her cat. The evidence is sufficient for a rational trier of fact to have found appellant guilty beyond a reasonable doubt.

■ Appellant next contends that the theft statutes do not proscribe the theft of a cat.

Penal Code section 484 provides that everyone "who shall feloniously steal, take, carry, lead or drive away the personal property of another" is guilty of theft. If property is defined as the exclusive right to possess a thing or exclusive ownership of a thing, clearly a cat reduced to possession is property, and to "take, carry, lead or drive away" one's cat is theft. Penal Code section 487, at the time of the instant theft, made a theft grand theft "when the . . . personal property is of a value exceeding $200."

Other subdivisions of Penal Code section 487 provided that theft of certain animals and items of property were grand theft crimes without any consideration of their values. Penal Code section 491 provides that dogs are personal property "and their value is to be ascertained in the same manner as the value of other property."

The theft of dogs was specifically made a crime only recently. Even before this statute was enacted, a California court held that a dog was property (*Roos* v. *Laeser* (1919) 41 Cal.App. 782 [183 P. 204]). In *People* v. *Fimbres* (1930) 107 Cal.App. Supp. 778 [288 P. 19], a prosecution involving the "hit and run" of a dog, the court held that a dog was property within the meaning of the "hit and run" statute and stated further "the same is true of any other domestic animal."

In *People* v. *Barlow* (1976) 39 Ill.App.3d 544 [350 N.E.2d 554], the Illinois Court of Appeal held that a complaint alleging that defendant stole his neighbor's Siamese cats properly alleged a theft.

We see no reason to distinguish between the theft of a $200 cat and a $200 dog or why the theft of one should be subject to greater punishment than the theft of the other. Penal Code section 484 gives adequate notice of the elements of the crime of theft. Penal Code section 487, subdivision 1,

gave adequate notice that the taking of personal property of the value exceeding $200 is grand theft. The fact that section 487 also denominates grand theft as the taking of animals of lesser value or specified animals without regard to value cannot be construed to exclude animals not mentioned, and subdivision 1 applies to thefts of all property, animals or otherwise, not specified elsewhere. Any other construction would be unreasonable.

We hold that Penal Code section 487, subdivision 1, at all relevant times in the case at bar, made the taking of a cat the property of another of the value of $200 or more, with the specific intent to deprive the owner permanently of the possession of the cat, the crime of grand theft.

## DISPOSITION

The judgment is affirmed.

Klein, P. J., and Lui, J., concurred.

A petition for a rehearing was denied May 29, 1984, and appellant's petition for a hearing by the Supreme Court was denied July 25, 1984.